# In the United States Court of Federal Claims

No. 19-1610C

(E-Filed: March 16, 2020)[1]

| | |
|---|---|
| BHB LTD. PARTNERSHIP<br><br>&<br><br>INDIANA ASSOCIATES LTD.<br>PARTNERSHIP OF WASHINGTON,<br>D.C.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE UNITED STATES,<br><br>　　　　　Defendant. | Pre-Award Bid Protest; Motion to<br>Supplement the Administrative<br>Record; Motion to Complete the<br>Administrative Record. |

Abram G. Pafford, Washington, DC, for plaintiffs.  Blake R. Christopher,[2] of counsel.

Geoffrey M. Long, Trial Attorney, with whom were Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, Douglas K. Mickle, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  Michael P. Klein, United States General Services Administration, National Capital Region, Washington, DC, of counsel.

OPINION AND ORDER

---

[1] This opinion was issued under seal on February 13, 2020.  Pursuant to ¶ 3 of the ordering language, the parties were invited to identify source selection, proprietary or confidential material subject to deletion on the basis that the material was protected/privileged.  No redactions were proposed by the parties.  Thus, the sealed and public versions of this opinion are identical, except for the publication date and this footnote.

[2] Mr. Christopher appeared on plaintiffs' reply but not on their initial motion to supplement or complete the administrative record.  See ECF No. 46.

CAMPBELL-SMITH, Judge.

On December 12, 2019, plaintiffs filed a motion to supplement or complete the administrative record (AR).  See ECF No. 40.  Therein, plaintiffs argue that the AR as filed by defendant is incomplete and that additional, supplemental information is necessary for effective judicial review.  On January 3, 2020, defendant filed a response in opposition, ECF No. 44, and plaintiffs filed their reply, ECF No. 46, on January 11, 2020.[3]  In evaluating the issues raised, the court also considered parts of the AR as presently filed on the docket.  See ECF No. 20.  Oral argument was deemed unnecessary.  For the following reasons, plaintiffs' motion is **DENIED**.

I.      Background

This bid protest challenges "the terms of [the General Services Administration (GSA)] Request for Lease Proposals [(RLP)] No. 6DC0335," which seeks to procure office space to house the District of Columbia (DC) Superior Court, Court Services and Offender Supervision Agency, Pretrial Services Agency, and Public Defender Services (collectively, the tenant agencies).  ECF No. 1 at 1-2 (complaint).

As part of the process of developing the lease prospectus, the three tenant agencies identified a radius around the DC Superior Court within which they desired to locate.  ECF No. 20 at 36-41.  The tenant agencies also participated in meetings, interviews, and site visits to help GSA consultants create a "Program of Requirements" report, which detailed the agencies' physical space needs.  Id. at 134-272.  GSA created a market survey report and sought expressions of interest from potential buildings within the delineated radius.  Id. at 312-24.  Then, together with the tenant agencies, GSA conducted site visits at each of the eight locations identified by the expressions of interest.  Id. at 308-09.  Thereafter, on June 11, 2019, GSA issued the RLP which included the requirement that offerors propose a single building solution within the agreed upon radius.  ECF No. 44 at 13.  GSA subsequently issued an amendment to the RLP on August 5, 2019, adding the requirement that any building more than 1,320 linear feet from the DC Superior Court must provide handicap accessible shuttle transportation between the property and the court building.  Id. at 14.

This protest was preceded by a pre-award bid protest at the Government Accountability Office (GAO), which plaintiffs filed on July 12, 2019.  See ECF No. 1 at 1.  That protest was denied.  See ECF No. 20 at 1285-90.  Plaintiffs argue here that GSA's RLP unreasonably included the following:  (1) a requirement that any prospective

---

[3]     Plaintiffs' reply brief was filed out of time.  Pursuant to this court's rules, plaintiffs' reply brief was due to be filed on or before January 10, 2020.  Plaintiffs filed their reply brief on January 11, 2020, at 2:59 a.m.  Accordingly, the court shall file plaintiffs' reply brief, ECF No. 46, by leave of the court as of the date it was electronically submitted, January 11, 2020.

2

offeror supply, as housing for the three tenant agencies, a single building within approximately one mile of the DC Superior Court; (2) a requirement that all offerors more than a certain distance from the court address shuttle service within their proposals; and (3) a lowest price technically acceptable evaluation scheme. See ECF No. 1 at 3-4.

After the court adopted the briefing schedule suggested by the parties for cross-motions for judgment on the AR, see ECF No. 8 (scheduling order), a dispute arose as to the inclusion of certain documents in the AR. On November 12, 2019, plaintiffs filed a motion to supplement, or in the alternative, to correct the AR and to take additional discovery. See ECF No. 27. The court denied plaintiffs' motion because plaintiffs failed to include a complete recitation of the information sought and failed to demonstrate that supplementation was appropriate; however, the court invited plaintiffs to identify the specific material sought and to offer substantive arguments for the inclusion of the material in the AR by renewed motion. See ECF No. 38.

Plaintiffs, in turn, filed the motion to complete or supplement the AR at issue here. On January 11, 2020, plaintiffs' motion was fully briefed. See ECF No. 46.

II.   Legal Standards

"'[T]he focal point for judicial review should be the administrative record already in existence'" at the time of the agency's decision. Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1379 (Fed. Cir. 2009) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)). For "meaningful and effective judicial review," a complete AR is necessary. Joint Venture of Comint Sys. Corp. v. United States, 100 Fed. Cl. 159, 168 (2011). Such a record contains the information the agency relied upon in making its decision and documentation of that decision-making process. Kerr Contractors, Inc. v. United States, 89 Fed. Cl. 312, 335 (2009); see also Comint, 100 Fed. Cl. at 168.

By motion to complete the record, a party seeks to add documents that are relevant to the challenged agency decision and were considered by the agency in reaching its decision. Poplar Point RBBR, LLC v. United States, 145 Fed. Cl. 489, 494 (2019). The government's designation of the AR is deemed presumptively correct. Id. But where plaintiff presents clear evidence of material that was generated or considered by the agency but excluded from the record, courts may order completion of the record. Id.

By motion to supplement, a party seeks to add evidence to an otherwise complete record. Such a motion is more difficult to support. In Axiom, the United States Court of Appeals for the Federal Circuit (Federal Circuit) identified the circumstances under which the AR may be supplemented in a bid protest. 564 F.3d at 1380. Adopting a restrictive standard for supplementation, the Axiom panel stated that: "supplementation of the record should be limited to cases in which 'the omission of extra-record evidence precludes effective judicial review.'" Id. (quoting Murakami v. United States, 46 Fed.

3

Cl. 731, 735 (2000), aff'd, 398 F.3d 1342 (Fed. Cir. 2005)). In reaching its decision the Federal Circuit looked to the cases cited by this court in Murakami and reasoned that "[t]he purpose of limiting review to the record actually before the agency is to guard against courts using new evidence to 'convert the "arbitrary and capricious" standard into effectively de novo review.'" Id. (quoting Murakami, 46 Fed. Cl. at 735).

Here, the court must decide whether completion of the AR or its supplementation with additional discovery and depositions is appropriate.

III.    Analysis[4]

    A.    Motion to Complete the Record

In their motion, plaintiffs contend that there are "core documents" missing from the AR. ECF No. 40 at 5. According to the plaintiffs, these documents consist largely of communications between GSA and the tenant agencies that reflect the agencies' understanding of their leasing needs. Id. at 8. Plaintiffs argue that these documents should have been included in the AR for the court to determine whether the RLP reasonably meets the agencies' needs. Id. Plaintiffs contend that the AR is a "piecemeal production" and "cherry-picked," and that the requested documents would "fill a gap" in the AR. Id. at 11. To complete the record, plaintiffs ask for discovery of seven different categories of documents and request depositions to be taken of a representative from each of the tenant agencies. Id. at 7, 23.

Defendant responds that the AR already contains documents establishing the tenant agencies' preferences and needs. See ECF No. 44 at 21. Defendant points to the statements in the record from the tenant agencies that establish their location preferences and their desire to be located in a single building. Id. at 21, 23. Defendant also references the Program of Requirements report, which describes the tenant agencies' space needs and technical requirements, and argues that the statements from the tenant agencies in that report are accurate. Id. at 25. Because the record is complete, defendant contends that further discovery is unnecessary. Id. at 22-25. The court agrees.

Plaintiffs do not identify specific documents that should have been included in the record but were not, nor do plaintiffs offer evidence of information that the agency considered but failed to include in the record. See Comint, 100 Fed. Cl. at 168. Instead, plaintiffs present a list of what are essentially document requests, seeking categories of

---

[4]    The court has considered all of plaintiffs' contentions and addresses the principal arguments in their motion the AR in this opinion. Because the court has determined that the requested documents and information are not appropriate for inclusion in the record, the court declines to discuss at length plaintiffs' assertion that the requested documents are not privileged.

4

documents they believe are necessary to understand better the agency's decision-making process. See ECF No. 40 at 7, 23.[5]  Plaintiffs assert that GSA failed to offer evidence of documents reflecting: (1) communications about the delineated area beyond the letters sent to GSA by the tenant agencies; (2) the actual survey questions and responses that were "summar[ized]" in the Program of Requirements report; (3) communications about the tenant agencies' preferences that were referenced in the Market Survey Report; and (4) communications surrounding the email to GSA from one of the tenant agencies regarding the transportation requirement in the RLP.  Id. at 9-10.

Plaintiffs argue that their case parallels the case of Sonoran Technology & Professional Services, LLC v. United States, 132 Fed. Cl. 475 (2017), because the "selective" information that GSA produced in the AR leaves gaps in the agency's explanation of its decision.  ECF No. 40 at 23.  In Sonoran, the court identified several agency decisions that were not adequately explained in the record.  132 Fed. Cl. at 479.  Because the record did not contain a "coherent and reasonable explanation" for the agency's exercise of discretion, the court permitted plaintiff to take a single, limited deposition for the sole purpose of correcting the "explanatory omissions" in the record.  Id.  Unlike in Sonoran, however, the record in this case is not missing explanations for

---

[5]  Specifically, plaintiffs request:

   1. Any records or documents containing or reflecting communications between the tenant agencies and GSA relating to creation or modification of the delineated area for this procurement.
   2. Any records or documents containing or reflecting communications between the tenant agencies and GSA relating to the need of the tenant agencies for proximity to the D.C. Superior Court.
   3. Any records or documents containing or reflecting communications between the tenant agencies and GSA relating to the RLP's single-building requirement.
   4. Any records or documents containing or reflecting communications between the tenant agencies and GSA relating to Amendment 1's shuttle service requirement.
   5. Any records or documents containing or reflecting communications between the tenant agencies and GSA relating to the decision to adopt evaluation criteria that did not include relative proximity to the Superior Court as a qualitative evaluation criterion.
   6. Any records or documents containing or reflecting communications between the tenant agencies and GSA relating to the decision to adopt a "low cost, technically acceptable" ("LCTA") evaluation scheme.
   7. Any records or documents containing or reflecting the SmithGroup survey inquiries referenced in Tabs 16 and 36.e of the AR, and any documents containing or reflecting the tenant agency responses to the SmithGroup survey.

ECF No. 40 at 7.

the decisions that GSA made in crafting the RLP.  On the contrary, the record appears to contain ample documentation of the process and the tenant agencies' input into that process.

The primary focus of the court's AR review in bid protest cases is to examine the material before the agency when it made its decision.  Comint, 100 Fed. Cl. at 167.  The court presumes that the record is complete unless plaintiffs provide clear evidence that it is not.  Poplar Point, 145 Fed. Cl. at 494.  Plaintiffs' bare assertions that there must be other communications between GSA and the tenant agencies about the delineated area, the tenant agencies' leasing preferences, the Program of Requirements report, and the RLP's transportation requirement do not constitute clear evidence that there are items missing from the AR.  Without more, a reference in a single letter or email is insufficient to rebut the presumption of completeness.

Because plaintiffs have not met their evidentiary burden, the court must deny plaintiffs' motion to complete the AR.

### B. Motion to Supplement the Record

Plaintiffs alternatively seek to supplement the record with new evidence.  Under Axiom, such new evidence must be excluded unless the court's review of the agency's procurement decision, under the Administrative Procedure Act, would not be effective without it.  See Axiom, 564 F.3d at 1380.  In the view of the court, however, nothing in the contents of the documents plaintiffs have requested, or in the caselaw cited by plaintiffs, justifies inclusion in the record of the requested documents or information.  Plaintiffs' motion to supplement must, therefore, be denied.

Plaintiffs request for depositions is similarly inappropriate under Axiom.  Defendant points to clear documentation in the record of the tenant agencies' needs and GSA's contemplation of those needs.  Supplementing the record with additional testimonial evidence is not necessary for effective judicial review.  Id.  Accordingly, plaintiffs' request for depositions must also be denied.

### IV. Conclusion

Accordingly, for the foregoing reasons:

(1) The clerk's office is directed to **FILE** plaintiffs' **reply brief**, ECF No. 46, by leave of court as of the date it was submitted, January 11, 2020;

(2) Plaintiffs' motion to complete or supplement the AR and to take additional discovery, ECF No. 40, is **DENIED**.

(3) On or before **February 27, 2020**, the parties are directed to **CONFER** and **FILE** a **notice of filing** attaching a proposed redacted version of this opinion, with any competition-sensitive or otherwise protectable information blacked out.

(4) The parties are directed to **CONFER** and **FILE** a **joint status report**, on or before **March 5, 2020**, proposing a schedule resuming briefing on the parties' motions for judgment on the AR.

IT IS SO ORDERED.

                                                      s/Patricia E. Campbell-Smith
                                                      PATRICIA E. CAMPBELL-SMITH
                                                      Judge