# In the United States Court of Federal Claims

No. 19-1610C

(E-Filed:  January 22, 2021)[1]

|  |  |  |
|---|---|---|
| BHB LTD. PARTNERSHIP | ) | |
| & | ) | |
| INDIANA ASSOCIATES LTD. PARTNERSHIP OF WASHINGTON, D.C., | ) | |
| Plaintiffs, | ) | Motion for Reconsideration; RCFC 54(b); Interlocutory Order; Case Management Order. |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| and | ) | |
| RPT 1425 NEW YORK AVENUE, LLC | ) | |
| Intervenor-defendant. | ) | |

Abram G. Pafford, Washington, DC, for plaintiffs.

Geoffrey M. Long, Trial Attorney, with whom were Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, Douglas K. Mickle, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

Seamus Curley, Washington, DC, for intervenor-defendant.

---

[1]     This order was originally issued on March 13, 2020.  See ECF No. 66.  It is being reissued without change, except for correction of minor typographical errors, for publication.

ORDER

On March 2, 2020, plaintiffs filed a motion for reconsideration of the court's March 2, 2020, order denying plaintiffs' motion to reconsider the court's February 13, 2020 opinion and order.  See ECF No. 61.  Plaintiffs so move pursuant to Rule 54(b) of the Rules of the United States Court of Federal Claims (RCFC) "and the Court's inherent authority to revise non-final and interlocutory orders."  Id. at 1.  For the following reasons, plaintiffs' motion for reconsideration, ECF No. 61, is **DENIED**.

Plaintiffs argue in their motion that the court's order denying their motion for reconsideration "errs by treating the title of RCFC 54(b) as defining its entire scope."  Id. at 2.  Plaintiffs go on to state that this court "routinely invokes the 'Otherwise' clause of RCFC 54(b) to address the merits of reconsideration motions relating to non-final procedural orders."  Id.  In support of its position, plaintiffs recite several cases in which the court has invoked RCFC 54(b) to rule on the merits of a motion to reconsider.  Id. at 2-3.  Plaintiffs add that "[a]s far as Plaintiffs are aware, no judge of this Court, prior to this morning, has ever interpreted or applied RCFC 54(b) in this manner.  Such an interpretation is inconsistent with the plain language of the rule, and contradicted by a considerable body of case law."  Id. at 3-4.

As the court noted in its March 2, 2020 order, RCFC 54(b) pertains to matters in cases in which partial judgments either have been, or could be, entered.  See ECF No. 59 (order).  Plaintiffs are correct that there are decisions of this court in which the court has applied RCFC 54(b), along with RCFC 59(a), to a motion to reconsider a non-final procedural order.  But, as the United States Court of Appeals for the Federal Circuit has made clear, this court is not bound by prior decisions of the court even though such decisions may be persuasive authority.  See, e.g., W. Coast Gen. Corp. v. Dalton, 39 F.3d 312, 315 (Fed. Cir. 1994) ("Court of Federal Claims decisions, while persuasive, do not set binding precedent for separate and distinct cases in that court.") (citations omitted).  The court's expressed view turns on the development of the application of Rule 54(b), on which plaintiffs rely here.  The court will address this development now.

The court appears to have first conducted a review of a non-final order pursuant to RCFC 54(b) in the case of Florida Power & Light Co. v. United States, 66 Fed. Cl. 93, 95-97 (2005).  In that case, the plaintiff moved pursuant to RCFC 59 for reconsideration of the court's ruling dismissing and transferring the asserted contract claims for lack of subject matter jurisdiction, while retaining the asserted takings claims.[2]  Id. at 94.  In evaluating the appropriate standard by which to review the motion, the court initially noted that, were the dismissal reviewed under the RCFC 59 standard, it would be

---

[2]     The court's dismissal and transfer of the claims could have been made a final order, as Rule 54(b) allows, but such order did not issue; instead, the court chose to let the order remain an interlocutory one.  See Florida Power, 66 Fed. Cl. at 97 ("[The Judge] could have converted [her ruling] to a final, appealable order.  But she took another approach, leaving her ruling as interlocutory.").

"vulnerable" because it "quite clearly re-argued the Plaintiff's earlier legal position." <u>Id.</u> at 95. The court reasoned, however, that the standards for amending final judgments "are not coextensive with the standards for the review of <u>non-final orders</u>, which may involve matters as mundane as evidentiary rulings, indeed, even extensions of time." <u>Id.</u> at 95-96 (emphasis added). The court further reasoned that because the order dismissing the claims did not resolve the entirety of the proceeding, the "strict rules governing motions to amend and alter final judgments under Rule 59 do not apply." <u>Id.</u> at 95. The court held that the more appropriate rule to apply was RCFC 54(b), which distinguishes between a final, appealable judgment, and an interlocutory order dismissing one of several counts. <u>See id.</u> at 97. Interlocutory orders "such as dismissals of counts," the court determined, are reviewable pursuant to RCFC 54(b) under the "more flexible standards of the 'law of the case.'" <u>Id.</u>

It is clear that the court found authority under RCFC 54(b) to reconsider a non-final interlocutory order that adjudicated less than all of the parties' claims and thus, could have led to a partial final judgment—even if no such judgment were entered. <u>See id.</u> at 96 (observing that RCFC 54 "<u>governs judgments</u>," which are defined by the rule as "a decree and any order from which an appeal lies") (quoting RCFC 54(b)) (emphasis added). This understanding is confirmed by later case law in which the court relied upon RCFC 54(b) to review other interlocutory orders disposing of less than all of the parties' claims. In <u>Wolfchild v. United States</u>, 68 Fed. Cl. 779, 781 (2005), the defendant requested that the court reconsider parts of its order granting partial summary judgment to the plaintiffs. The court reasoned that the case "remain[ed] in an interlocutory posture," and therefore, the motion fell under RCFC 54(b) and 59(a), "rather than under the more rigorous standards of RCFC 59(e)." <u>Id.</u> at 784. Likewise, in <u>Alpha I, L.P., ex rel. Sands v. United States</u>, 86 Fed. Cl. 568, 570 (2009), defendant requested that the court reconsider its opinion granting the plaintiffs' motion for partial summary judgment. The court set forth RCFC 54(b) as the means for reconsidering "'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties.'" <u>Id.</u> at 571 (quoting RCFC 54(b)).

The first case in which the court looked to RCFC 54(b), as well as the reconsideration standard set forth in RCFC 59(a), to review an order that did not dispose of any claim is <u>Pinckney v. United States</u>, 85 Fed. Cl. 392 (2009). Plaintiffs cited the case in their motion. <u>See</u> ECF No. 61 at 3. In that case, the court, without citation, invoked RCFC 54(b) as "applicable for reconsideration of non-final decisions," and applied the standard of review to an order ruling on evidence that it would consider at trial. <u>Pinckney</u>, 85 Fed. Cl. at 393-94. The court offered no explanation for its application of RCFC 54(b) and did not review the suitability of applying a rule governing entry of partial judgments to an evidentiary order. <u>See id.</u>

Plaintiffs also cite the case, <u>L-3 Commc'n Integrated Sys., L.P. v. United States</u>, 98 Fed. Cl. 45 (2011), in support of its position that RCFC 54(b) is the appropriate rule by which to bring a motion to reconsider the court's non-final order denying plaintiffs'

motion to supplement the record in a bid protest case.  <u>See</u> ECF No. 61 at 2.  In that case, the defendant requested that the court reconsider its ruling on plaintiff's motion to supplement the record.  <u>See</u> <u>L-3 Commc'n</u>, 98 Fed. Cl. at 47-48.  The court stated that "[b]ecause Defendant and Intervenor seek reconsideration and/or clarification of an interlocutory decision and the merits of this protest have not yet been addressed, Rule 54(b) . . . governs instead of Rule 59(e) or 60, which address reconsideration of final judgments." <u>Id.</u> at 48.  The court cited <u>Alpha I</u>, <u>Pinckney</u>, and <u>Wolfchild</u> in support of its position and, without further discussion, applied the rule governing partial judgments to a case management order.  <u>Id.</u>

The language of RCFC 54(b) and the case law applying that rule to guide reconsideration of non-final orders that adjudicate less than all of the parties' claims indicate—to this court—that RCFC 54(b) is intended to govern matters in cases in which the entry of a partial judgment is, or would be, appropriate.  <u>See</u> RCFC 54(b); <u>Wolfchild</u>, 68 Fed. Cl. at 784; <u>Florida Power</u>, 66 Fed. Cl. at 97.  Because Rule 54(b) contains no independent standard of review for matters to be reconsidered, the court does not find persuasive those decisions invoking RCFC 54(b), with neither citation nor explanation, as the governing rule for the reconsideration of evidentiary and case management orders.  The court declines to exercise its inherent authority here, as plaintiffs urge, to apply RCFC 54(b) to reconsider matters when other of the court's rules clearly outline the standards for doing so in these circumstances.

To be clear, the court does not decide that a motion for reconsideration is an improper request.  Rather, the court finds only that plaintiffs' motion as presently advanced under RCFC 54(b) is improper.  Accordingly, plaintiffs' instant motion for reconsideration, ECF No. 61, is **DENIED**.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge